Filed 10/4/23  In re D.M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. D.M., Defendant and Appellant. | F085563 (Super. Ct. No. 21CEJ600239-1) **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Virna L. Santos, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and Snauffer, J.

Minor, D.M., appeals from a disposition order adjudging him a ward of the juvenile court, placing him on probation, and committing him to the local juvenile justice center for 36 days. His counsel on appeal filed a brief that summarizes the case and facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We sent a letter, advising minor of his right to file a supplemental brief raising any grounds he would like this court to consider. Minor did not respond. We have conducted an independent review. Finding no reasonably arguable legal or factual issues exist, we affirm.

## PROCEDURAL SUMMARY

On September 16, 2021, the Fresno County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging minor committed sodomy by force on a minor 14 years old or older (Pen. Code, § 286, subd. (c)(2)(C); count 1),[1] sodomy of a person under 18 years old (§ 286, subd. (b)(1); count 2), and forcible lewd and lascivious act upon a child (§ 288, subd. (b)(1); count 3). Minor was ineligible for deferred entry of judgment.

On September 29, 2021, minor denied the allegations of the juvenile wardship petition. On the same date, the juvenile court issued a restraining order, precluding minor from having any contact with the confidential victim.

On August 30, 2022, the juvenile court dismissed counts 1 and 2 in exchange for minor's admission on count 3, as amended to lewd and lascivious act on a child without force (§ 288, subd. (a)).

On November 18, 2022, the juvenile court held a disposition hearing at which it found minor's maximum period of confinement to be six years, removed minor from the custody of his parents, adjudged minor a ward of the court, placed minor on probation, ordered minor to complete a long-term sexual offender treatment program, and

---

[1]     All further statutory references are to the Penal Code.

2.

committed minor to the juvenile justice center for the lesser of 36 days or until the director of the facility determined that furlough was appropriate. The court further ordered minor to be monitored using a global positioning system device for 60 days, ordered him to pay a restitution fine of $100, and ordered him to pay restitution to the victim in an amount to be determined by the probation officer. The court imposed the following conditions of probation, among others: obey all laws, do not leave the state without permission from probation, do not associate with anyone known to minor to be disapproved of by probation or his parent, do not contact the victim, do not have contact with children under the age of 14 except in the presence of an adult or with the permission of probation, do not possess sexually explicit material, do not use drugs or alcohol, and submit to search by a probation or peace officer.

On December 21, 2022, the juvenile court held a status review hearing at which the probation officer requested an order approving a plan of care for minor to reside with his adult brother and participate in sex offender treatment. The probation officer's concern was that minor would otherwise be unsupervised at home with his eight-year-old sister and newborn sibling, as prohibited by the conditions of minor's probation. Minor's counsel disagreed with the requested order, commenting that probation's concerns regarding minor living with his eight-year-old sister and newborn sibling were not raised before the disposition hearing when defendant was already living at home. The court found that it was unrealistic to believe that minor's mother could supervise minor's interactions with his siblings at all times. It then continued the matter for one day to permit research on the scope of the court's jurisdiction.

The following day, the juvenile court found that the restriction on home placement was reasonably related to addressing minor's delinquent behavior, to prevent future delinquent behavior, and to promote successful rehabilitation. It noted that because minor had not yet been released from the juvenile justice center, he had not yet begun the outpatient sex offender treatment program. It therefore approved a 60-day plan of care,

modifying the conditions of probation to require placement of minor with his adult brother until probation could assess minor's risk of future delinquent behavior and progress in his treatment program.

On January 10, 2023, minor filed a notice of appeal.

## FACTUAL SUMMARY[2]

Minor admitted to touching seven-year-old confidential victim's left buttock, skin to skin. Minor was 15 or 16 years old at the time.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436.

Our review of the record pursuant to *Wende* has disclosed no reasonably arguable issues on appeal.

## DISPOSITION

The juvenile court's findings and orders are affirmed.

---

[2]     The factual summary is drawn from the probation officer's report and includes only facts related to the admitted count, count 3.